IN RE ESTATE OF E. W. POWELL, Deceased; ENGLE, Administrator, and DAVIDSON, Appellants; Heirs of E. W. POWELL, Respondents.

Division One, June 12, 1900.

**Homestead:** SALE TO PAY INTESTATE'S DEBTS. During the period while the widow and minor children are allowed by the statute to occupy deceased's home place as a homestead, it can not be sold for the payment of intestate's debts, subject to their homestead rights. It can not be sold at all for the payment of his debts while the widow lives or remains unmarried, or the youngest child remains a minor. And this is the law although the widow may sell her interest in the homestead after her husband's death, and move elsewhere.

Appeal from Dallas Circuit Court.—*Hon. Argus Cox, Judge.*

AFFIRMED.

*John S. Haymes* and *W. R. Self* for appellants.

Even under the act of 1895, in relation to homesteads, the estate of a deceased person has an interest in any land of which the ancestor died seized, subject to any right of homestead which may exist therein, and, independent of the homestead law, any interest, however small, of the estate in any land may be sold by the administrator for the payment of debts. 2 Woerners Am. Law Adm. (2 Ed.), sec. 417, p. 1042; R. S. 1899, sec. 146; R. S. 1899, sec. 2908; Valle v. Bryan, 19 Mo. 424; Howell v. Jump, 140 Mo. 441; Hand v. Motter, 73 Mo. 457. That such land may be sold subject to the homestead right, is held in Lunsford v. Jarrett, 2 Lea. (70 Tenn.) 579; Evans v. Evans, 13 Bush. (76 Ky.) 587; Mc-Caleb v. Burnett, 55 Miss. 83; Judge of Probate v. Simmonds, 46 N. H. 363; Allensworth v. Kimbrough, 79 Ky. 332.

*C. H. Scott, J. W. Miller* and *W. C. Hawkins* for respondents.

(1) The right of administrator to sell homestead for debts prior to amendment of 1895 was derived solely from the homestead law itself, and not from any law of administration or of descent and distribution. R. S. 1889, sec. 5439; Skouten v. Wood, 57 Mo. 381; Poland v. Vesper, 67 Mo. 727; French v. Stratton, 79 Mo. 560. (2) The right of administrator to sell homestead was given by amendment of homestead law of 1875. Previous to that time the homestead descended to wife in fee. Wagner's Statute, sec. 5, p. 698; Skouten v. Wood, *supra*; French v. Stratton, *supra*; Freund v. McCall, 73 Mo. 343; Canole v. Hurt, 78 Mo. 649. (3) Law of 1895 re-enacts law of 1865, except as to the line of descent. Sec. 3620, R. S. 1899. The decisions constru-

ing this section are applicable to the present law, so far as they effect the right of the administrator to sell the homestead.    Hufschmidt v. Gross, 112 Mo. 649.    (4) The law of 1895 is not retroactive as to prior creditors, as they had no rights in homestead, before its passage, nor in the residuary estate.    Harte v. Leete, 104 Mo. 315; Bank v. Guthrey, 127 Mo. 189; Kendall v. Powers, 96 Mo. 142; Holland v. Kreider, 86 Mo. 58; Davis v. Land, 88 Mo. 436.

VALLIANT, J.—This is a controversy arising in a proceeding originating in the probate court of Dallas county upon the petition of the administrator to sell the land, including the homestead, of which the intestate died seized.

The petition is in due form and the proper parties were before the court, the minor heirs being represented by their guardian.

The facts admitted at the trial in the circuit court, to which the cause went by appeal, were that the estate consisted of about $150 worth of personal property and a small tract of land in Dallas county on which the intestate had resided for twenty years or more at the time of his death, which occurred in January, 1896; that he left a widow and several children, some adults and some minors, the youngest of whom would not attain her majority until 1913; that debts to the amount of $1,629.96 were classified and allowed against the estate, and remain unpaid, of which $1,215.80 was a judgment in favor of one Davidson obtained against the deceased in his lifetime on two promissory notes made in 1890; that upon the petition of the widow commissioners had been duly appointed by the probate court who had set off a certain portion of the land valued at $1,500 to her as a homestead for herself and the minor children, after which she had sold her interest in the homestead to the judgment creditor; that there was not sufficient personal property and real estate

outside of the homestead to pay the debts and a sale of all the real estate subject to the homestead interest would be required for that purpose. The prayer of the petition was that all the land of which the intestate died seized be sold subject to the homestead interest. The probate court ordered a sale of the land as prayed, from which order the minor heirs appealed to the circuit court. The judgment of the circuit court was that the petition in so far as it prayed for a sale of all the land subject to the homestead interest, be denied, and that so much only as was not embraced in the homestead be sold, and from that judgment the administrator has appealed to this court.

The single question presented by this record is, is the land belonging to an intestate liable to be sold during the life of the widow or minority of the heir, subject to their homestead rights, to pay estate debts?

It is insisted in behalf of appellant that this question must be answered in the light of the statute as it was when the debts were contracted in 1890, that is, as it appears in section 5439, Revised Statutes 1889, uninfluenced by the act of 1895, now section 3620, Revised Statutes 1899.

Under the homestead law as it appears in General Statutes 1865, p. 450, and interpreted by former decisions of this court, the title to the land embraced in the homestead passed on the death of the intestate to his widow and upon her death to her heirs. So the law remained until 1875, when it was amended as it is in section 5439, Revised Statutes 1889, so as to provide that upon the death of the intestate the homestead should vest in the widow and minor children, etc., "subject to the laws relating to devise, descent, dower, partition and sale for the payment of debts against the estate of the deceased." This had the effect to divert the course of descent of the fee in the homestead land from the widow and her heirs and cast it on the heirs of the intestate and render

it subject *sub modo* to the payment of his debts. But in 1895 (Laws 1895, p. 185) the statute was again amended to the form in which it now appears in section 3620, Revised Statutes 1899, in which the clause last above quoted is omitted and in lieu it is provided that upon the attainment of majority of the heir and the death or remarriage of the widow, the land "shall pass to the heirs of the husband."

It will not make any difference so far as the rights of the appellant in this case are concerned, whether they be adjudged under section 5439, Revised Statutes 1889, or under section 3620, Revised Statutes 1899. The precise question here presented was decided by this court in an opinion by MARSHALL, J., in Broyles v. Cox, 153 Mo. 244, wherein it was shown that the land could not be sold subject to the homestead rights, under order of the probate court to pay debts during its occupancy by the widow or minority of the heir, even under the law as it was under the act of 1875. The interpretation we there gave of that act is decisive of the question before us. The only question on this subject really decided in that case was identical with the question we now have, that is, not, is the land embraced in the homestead ultimately liable to the administrator's sale, but, is it now liable to such sale subject to the homestead rights? Whether after the majority of the heir and the death or re-marriage of the widow the land may then be sold by the administrator to pay debts against the intestate's estate is a question that may arise in the future.

The learned counsel for appellant in construing the act of 1895, section 3620, Revised Statutes 1899, make a strong argument to show that the Legislature could not have intended that a sale of the land be postponed for an indefinite number of years in which the estate must be kept open, awaiting perhaps twenty years for an infant to attain his majority or longer for the widow to die or re-marry, with no

one in the meantime to pay taxes or otherwise preserve the estate while the debts go on at interest; and they also point out in their argument other conditions that might arise inconsistent with the right of an ultimate sale by the administrator.    The argument is very forcible and persuasive, but it leads rather to the conclusion that the Legislature when it passed the act of 1895, now section 3620, Revised Statutes 1899, intended to exempt the homestead entirely from the debts of the intestate except such as he in his lifetime may have especially charged upon it, and that it never contemplated a sale of it by the administrator, either now or at a remote or indefinite period, and that the limitation of period contained in the phrase "and shall continue for their benefit without being subject to the payment of debts .... until the youngest child shall attain its legal majority and until the death of such widow," refers to the duration of the period in which it may be held by the widow and minor heirs against the other heirs of the intestate.    But that question is not now before us for decision.

The circuit court decided that during the period in which the statute allows the widow and minor children to occupy the land as a homestead it is not liable to sale for payment of debts by the administrator subject to the homestead rights, which decision is correct and the judgment is affirmed.

All concur.