Robbins v. Boulware.

## ROBBINS, Appellant, v. BOULWARE.

### Division Two, June 20, 1905.

1. **ADMINISTRATION: Homestead: Sale For Debts.** The homestead of a decedent, subject to the widow's and minor's homestead therein, could in 1889 be sold, under an order of the probate court, to pay decedent's debts.

2. ———: **Petition for Sale of Real Estate: Collateral Attack.** The absence of the signature of the officer administering the oath to the administrator and from the affidavit attached to the petition for the sale of decedent's lands to pay his debts, is an irregularity, and does not affect the jurisdiction of the probate court over the subject-matter, and the sale and deed made in pursuance thereto cannot be invalidated, because of its absence, in a collateral proceeding, such as an ejectment suit by decedent's heirs against the purchaser.

3. ———: ———: **Notice: Four Weeks.** The statute does not require that publication of notice of the presentation of a petition for the sale of real estate shall be for the four weeks immediately preceding the term of court, but simply provides that it shall be for four weeks before the term of court; and if the publication is made for four weeks or twenty-eight days, and if ten or twenty days intervene between the last publication and the first day of the court, the statute is complied with. So that a publication notice in a newspaper bearing date of January 11th, 18th and 25th and February 1st, to appear on the second Monday of February, which was February 11th, was a compliance with the statute.

4. ———: ———: **Insufficient Notice of Sale.** A judgment of the probate court approving the sheriff's report of the sale cures any defect in the advertisement of the sale. Insufficiency of length of time for which notice of sale was published is an irregularity, and cannot be attacked in a collateral proceeding, like ejectment. The approval of the sheriff's report of sale reciting that legal notice was given, is a final judgment, and if erroneous the remedy is by appeal to the circuit court.

Vol 190 mo—3

5. ——: ——: ——: **Affidavit.** The affidavit to a publication by the publisher is merely to inform the court that such publication was duly made, and if the court expressly recites that the order of publication was properly published that ends the contest as to the truth of that fact, in a collateral proceeding. Thereafter, in an ejectment suit, it cannot be said that proof of publication was not properly made.

Appeal from Clark Circuit Court.—*Hon. E. R. McKee,* Judge.

AFFIRMED.

*Berkheimer & Dawson* for appellant.

(1)   The administrator's sale was void. No petition for the order of sale was ever presented to the probate court.   The pretended petition presented was the same as no petition and was not legal and was null and void as the same was not sworn and subscribed to, and no jurat affixed, and no seal affixed.   Sec. 147, R. S. 1899; Jarvis v. Russick, 12 Mo. 63; Bompart v. Lucas, 21 Mo. 598; Pryor v. Downey, 50 Cal. 388.   (2)   The statute is mandatory, in that it provides that such notice shall be published for four weeks in some newspaper in the county in which the proceedings were had before the term of court at which such order will be made.   Young v. Downey, 145 Mo. 250; Hutchison v. Shelley, 133 Mo. 400; Cunningham v. Anderson, 107 Mo. 371; Sibley v. Affle, 16 N. Y. 180; Pardobn v. Devire, 23 Ill. 572; Rutliff v. Magee, 165 Mo. 467; Maxwell v. Barnes, 59 S. W. 1067; Munday v. Leeper, 120 Mo. 417; Wiggins v. Lowering's Adm'r, 9 Mo. 262; Montelius v. Sarpy, 11 Mo. 237; Blackwell v. Ridenhour, 13 Mo. 125; Bryan v. Munday, 17 Mo. 556; Russell v. Croy, 164 Mo. 69; 1 Black on Judgments, sec. 220.   This notice itself which is a part of the judgment and the judgment can be impeached collaterally.   1 Black on Judg., 263; Cloud v. Inhabitants of Pierce City, 86 Mo. 357; Crow v. Meyersieck, 88 Mo. 415; McClanahan v. West, 100

Mo. 321; Johnson v. Baker, .38 Ill. 98; Frances v. Evans, 90 Mo. 74; Dow v. Chandler, 85 Mo. 245; In re Aurthy, 37 N. W. 449; Tappan v. Dayton, 51 N. Y. Eq. 82; In re Zech Estate, 15 Pa. Co. Ct. Rep. 622. In this case the publication commenced on Friday, January 11, 1889, and ended on Friday, February 1, 1889, and was not a compliance with the statute, for there were only twenty-one days from the first publication to the last publication; and further, the proof of publication was not subscribed to, examined or sworn to by either editor of the newspaper. Young v. Downey, 150 Mo. 250; Russell v. Croy, 164 Mo. 69; Davis v. Robinson, 70 Tex. 394; Longhridge v. City of Huntington, 56 Ind. 255; 1 Elliott's General Practice, 450; Harness v. Cravens, 126 Mo. 233; Granger v. Judge, 44 Mich. 384; Brownville v. Dyer, 7 Bush (Ky.) 505; Ratliff v. Magee, 165 Mo. 461; Wilson v. Railroad, 108 Mo. 596; Charles v. Morrow, 99 Mo. 638; Gibson v. Roll, 30 Ill. 172; Valle v. Fleming, 19 Mo. 455; Agan v. Shannon, 103 Mo. 661; State ex rel v. Tucker, 32 Mo. App. 620. (3) The vested rights that the widow and minor children had under the law of 1865 was not taken away by homestead law of 1875. Art. 2, sec. 15, Constitution; Arnold v. Willis, 128 Mo. 145; Ex parte Bethurum, 66 Mo. 549; Marshall v. King, 24 Miss. 85; Gladney v. Sydnor, 172 Mo. 318; Calder v. Bull, 3 Dall. (U. S.) 386; 6 Am. and Eng. Ency. Law (2 Ed.), 956; Leete v. Bank, 115 Mo. 184; Bartlett v. Ball, 142 Mo. 28; Clay v. Mayr, 144 Mo. 380; Cranor v. School Dist., 151 Mo. 125; In re Flukes, 157 Mo. 131. (4) Affidavit is not good unless the jurat of the officer is affixed. O'Bryan v. Langley, 59 S. W. 523; Knight v. Elliott, 22 Minn. 551; Jackson v. Stites, 3 Caines 128; Shortle v. Stockton, 7 Watts 526; Milner v. State, 24 N. E. 156; Metcalfe v. Presscott, 10 Mont. 283; State ex rel. v. Cardes, 58 Mo. 771; Lederer v. Railroad, 38 Wis. 244; Doty v. Boyd, 24 S. E. 59; Tunis v. Withron, 77 Am. Dec. 117. Neither is there any seal attached, and

there is no attempt to cure same by parol evidence. The jurat must be signed by an officer authorized to administer an oath. State Bank v. Hitchcliffe, 4 Ark. 444; Calvert v. McHaughton, 2 Mich. N. P. 8; Morris v. State, 2 Tex. App. 502; Jackson v. Stiles, 3 Caines 128; Waples v. Hicks (Bright.) N. P. 56; Lederer v. Railroad, 38 Wis. 244.

*T. L. Montgomery* and *W. M. Boulware* for respondent.

(1) The order of publication was published January 11, 18, 25, February 1st, the first day of the term of court was February 11th, hence the publication appeared thirty-one days before the first day of the term of court and was a sufficient, valid and legal publication as construed by this court. Sec. 148, R. S. 1879; Langston v. Canterbury, 173 Mo. 122; Young v. Downey, 145 Mo. 250; Young v. Downey, 150 Mo. 317; Russell v. Croy, 164 Mo. 90; Ratliff v. Magee, 165 Mo. 468. If there were no affidavit attached to the petition, this is not such a jurisdictional fact as would render the proceedings void and subject to collateral attack. Castleman v. Relfe, 50 Mo. 587; Sloan v. Mitchell, 84 Mo. 546; Rugle v. Webster, 55 Mo. 246; Wilkerson v. Allen, 67 Mo. 508. In other jurisdictions it has been held that the omission of the affidavit to the petition will not render the proceedings void or vulnerable on collateral attack. 19 Ency. Pl. & Pr., 878; McCoy v. Ayers, 2 Wash. Ter. 203; Coon v. Fry, 6 Mich. 506; Overton v. Cranford, 7 Jones L. (N. Car.) 415; Trumble v. Williams, 18 Neb. 144; Kleinecke v. Woodward, 42 Tex. 311; Myers v. Davis, 47 Iowa 329. (2) The notice of sale was published in four issues of the paper, and but twenty-two days before the date of the sale, and was irregular, but the same is not jurisdictional and cannot be collaterally attacked in this proceeding, and does not render the deed void. Sec. 164, R. S. 1879; McNair v. Hunt, 5 Mo. 301; Jackson v. McGruder, 51 Mo. 55; Curd v.

Lackland, 49 Mo. 453; Evans v. Snyder, 64 Mo. 516; Draper v. Bryson, 17 Mo. 71; Young v. Schofield, 132 Mo. 668; Hauck v. Cross, 67 Mo. 155; Harness v. Cravens, 126 Mo. 260; Mitchell v. Nodaway Co., 80 Mo. 257; Evans v. Robberson, 92 Mo. 192; 2 Freeman on Executions (2 Ed.), sec. 286. (3) The proof of the advertisement of the notice of sale of the real estate was subscribed and sworn to by Christy & Waggener, publishers of the paper, in due and regular form, and technically complies with the statute prescribed for printers' or publishers' affidavit in such matters and is informal and irregular but does not render the proceedings void leading up to the administrator's deed. Sec. 319, R. S. 1879; Railey v. Guinn, 76 Mo. 271; Voorhees v. Bank, 10 Peters 193; Moore v. Wingate, 53 Mo. 40. (4) The legal and regular publication of notice to the heirs and parties in interest to appear and show cause, if any, why the land should not be sold and the order regularly made, as in this case, brought all parties in interest into court up to and including the approval of the sale which was ordered by the probate court May 25, 1889. This approval and order was a final judgment from which any and all parties in interest could have perfected an appeal, including the appellant, and having failed to appeal, the record is final and cannot be attacked collaterally as appellant contends can be done in this case. The irregularities, if any, are cured by said final judgment; the judgment of the probate court, the same as the judgment of the circuit court, cannot be attacked in this proceeding, and is final and conclusive upon the parties. 2 Woerner's Law of Administration (1 Ed.), secs. 478, 488; vol. 1, sec. 145; Wolf v. Robinson, 20 Mo. 460; Camden v. Plain, 91 Mo. 129; Sims v. Gray, 66 Mo. 616; Johnson v. Beazley, 65 Mo. 250; Henry v. McKerlie, 78 Mo. 416; Bray v. Adams, 114 Mo. 491; Reed Brothers v. Nicholson, 158 Mo. 631; Covington v. Chamblin, 156 Mo. 587; Price v. Real Estate Ass'n, 101 Mo. 116; Noland v. Barrett, 122 Mo.

187; Rogers v. Johnson, 125 Mo. 214; Murphy v. De France, 105 Mo. 70; Long v. Mining & Smelting Co., 68 Mo. 422; Snyder v. Coleman, 72 Mo. 568. (5) The land was sold subject to the homestead rights of the widow, Mary A. Brown, and the title passed to the purchaser subject to her life interest. R. S. 1879, sec. 2693; Roland v. Vesper, 67 Mo. 727; Keene v. Wyatt, 160 Mo. 3.

FOX, J.—Appellant has filed an abstract of the entire record in this cause. In the brief, however, there is no detailed statement as to the contents of the abstract, but we find, after a careful consideration of the record and a verification of it, that the respondent has made a fair statement of the general outlines of this cause, and with some modifications we have adopted it.

This is an action in ejectment brought by plaintiff, now appellant, against the defendant, now respondent, to recover a five-eighths interest in and to 49.5 acres in the northwest quarter of section fifteen, township sixty-three north, range six west, situate in Clark county, Missouri.

It is admitted and agreed by counsel that the common source of title is William N. Brown. That he died on the thirty-first day of December, 1877, intestate, seized of the land, and that he left as his heirs at law his children, Newton A. Brown, Daniel E. Brown, Henry B. Brown, Rhoda Davis, Nettie Bash, Minie Barclay, Anna B. Robbins. That he left his widow, who died July 26, 1891. That $100 is the reasonable rental value of the premises per year. That the defendant has been in the possession of this real estate since March 1, 1896.

William N. Brown, the common source of title, died intestate, December 31, 1877, leaving surviving him his widow, Mary A. Brown, and appellant, and other heirs at law. That thereafter, at the May term, 1878, of the probate court of Clark county, Henry D.

Brown was duly appointed administrator of said estate, gave bond and entered upon the discharge of his duties as such up to the February term, 1888, of said court, when upon the application to said court by A. D. Lewis, a creditor of said estate, by petition, upon due notice to said Henry D. Brown, such proceedings were had in said court that letters theretofore granted to him were by the said court revoked on account of his failure to discharge his duties as such administrator, and for failure to pay off the legal demands allowed against said estate. That thereafter, and on November 30, 1888, no one of kin appearing to administer, the probate court duly appointed Henry C. Schaffer, public administrator, to take charge of and administer said estate.

On application of Mary A. Brown, widow, at the November term, 1888, of said probate court, by petition, such proceedings were had in said court, that at the February term, 1889, the whole of said real estate was set off to her as her homestead herein, which she occupied as such up to the date of her death, which occurred July 26, 1891.

Henry C. Schaffer, public administrator in charge of said estate, on December 1, 1888, filed his petition praying for the sale of said real estate, subject to the homestead rights of the widow therein, and on the twenty-fourth day of December, 1888, at the November term, of said court, an order of publication was directed and ordered by said court notifying all parties interested that at the next February term, 1889, of said court and on the first day of said term, being the second Monday in February, 1889, and on the eleventh day of said month, an order would be made to sell the whole or such part as may be necessary to pay the debts of said estate unless the contrary be shown.

At said February term, 1889, the order of sale was duly made by an order of record in said probate court. That thereafter the said administrator after having the

same appraised by three disinterested persons at the price of three hundred dollars, as shown by said appraisement, in pursuance of the terms of said order, and at the May term of said court, after having advertised the same, sold said land at public vendue, and E. H. Connable, being the highest and best bidder therefor, became the purchaser thereof and same was duly sold to him for the sum of four hundred dollars. The sale was duly reported to the court and said sale was approved and deed regular on the face of it, containing all the necessary statutory averments, ordered made to him for said real estate, which was done May 25, 1889. On the seventh day of December, 1895, the said E. H. Connable for a valuable consideration executed, acknowledged and delivered to respondent, M. Q. Boulware, a deed for said premises and respondent has had possession thereof, according to the admission in the record, since March 1, 1896.

This presents in a general way what was done in respect to the sale of this land. As to the defects disclosed by the record in the petition, and insufficiency of the publication of notice of application for sale and notice of sale, and the proof of publication, we will fully treat of them during the course of the opinion.

This case was, by agreement, tried before the court, no instructions asked or given by either party, and the finding and judgment was for respondent, and against the appellant, and the latter brings this case here for review by appeal from the judgment of the lower court.

### OPINION.

Numerous errors are assigned by appellant as grounds for the reversal of this judgment. The legal propositions submitted to us for consideration, by learned counsel for appellant, may thus be briefly stated:

First. It is insisted that the land in controversy, being the homestead of the widow, was not subject to

sale under the order of sale by the probate court, during the lifetime of the widow.

Second. That the sale of the real estate by the administrator was void, for the reason that the truth of the allegations of the petition was not properly verified by affidavit of the administrator.

Third. That the probate court did not acquire jurisdiction of the persons interested in said land by reason of the insufficiency of the notice of publication, and the proof thereof by the publishers, hence the order of sale was void and of no force and effect.

Fourth. That the sale by the administrator is inoperative to pass the title by reason of the insufficiency of the notice of said sale.

Fifth. That there was unreasonable delay in the application to the probate court for the sale of this land and for that reason this sale should not be upheld.

We will treat the propositions in the order named.

I. Upon the first proposition involved in this controversy, the question as to the right to sell this land in controversy, which was the homestead of the widow, by order of sale of the probate court, for the payment of the debts of William N. Brown, must be treated as settled and no longer an open question in this State, since the conclusions of this court were announced upon that proposition in the case of Keene v. Wyatt, 160 Mo. 1. It will be observed that this case expressly disapproved the rulings in the cases of Broyles v. Cox, 153 Mo. 242, and In re Powell's Estate, 157 Mo. 151, cited by appellant in this cause, so far as such rulings were in conflict with the conclusions reached in Keene v. Wyatt, supra.

II. The next insistence on the part of the appellant is directed to the absence of the signature of the officer administering the oath to the administrator, and the affidavit attached to the petition for the sale of real estate. The affidavit is in proper form and duly signed by the administrator and blank space for the signature

of the probate judge, who presumably would administer the oath. It is insisted that this failure in respect to the affidavit was fatal to the petition and rendered the order of sale made in pursuance to this prayer void. We are unable to assent to this contention on the part of the appellant.

In Rugle v. Webster, 55 Mo. 246, there was a petition presented to the county court of Polk county, which was exercising probate jurisdiction, for the sale of certain lands belonging to the estate of the deceased. While the petition made all the necessary averments it was defective in not being accompanied with an account of the administration and a list of the debts owing to and unpaid by the estate and remaining unpaid, as the statute in force at that time required. The affidavit as to the truth of the allegation in the petition, which the statute required to be made, was not made by the administrator in person, but was made by an attorney instead. The court upon this petition ordered the sale of the land and the sale was made in pursuance of it, and at the next term of the county court of Polk county the sale was approved. The deed by the administrator, which was regular in form, was executed and acknowledged to purchaser at the administrator's sale in pursuance to the sale made. The heirs of the deceased in that case brought suit in ejectment, as in this case, to recover the land, and it was urged that the failure of the administrator to make the affidavit and to accompany his petition with an account of the administration and list of the debts due to and unpaid by the estate were such defects in the petition as rendered the order made upon it void. WAGNER, J., speaking for the court, in response to the contentions made in that case, thus clearly stated the law: "Although the proceedings may have been irregular and the affidavits not made in literal compliance with the law, yet there are not such jurisdictional facts as would render them wholly void. Sufficient cause might have existed for a reversal in a di-

rect proceeding brought for that purpose, but certainly there is no ground for a collateral impeachment. In the case of Overton v. Johnson, 17 Mo. 442, it was held, that the accounts, lists, inventories and appraisements which the statute requires to be filed with a petition for the sale of a decedent's real estate, are not necessary to give the court jurisdiction, and that a failure to file them would not render the sale void. The court, speaking through GAMBLE, J., said: 'The jurisdiction is acquired by filing a petition praying the court to do an act or make an order which under the statute the court is competent to do. Whether the petition is in proper form, or sets forth sufficient facts, or is accompanied with the proper evidence, the court will decide in the exercise of its jurisdiction.' It was for the court, when the petition was presented, to determine its sufficiency, and if it made an erroneous decision, the proper remedy was by appeal."

To the same effect is Wilkerson v. Allen, 67 Mo. 502, where the same question arose as to the sufficiency of the affidavit, and it was again held that it was a mere irregularity and was not such a jurisdictional fact as would render the proceeding void. These cases are fully supported in other jurisdictions. [Coon v. Fry, 6 Mich. 506; Overton v. Cranford, 7 Jones' Law 415; Trumble v. Williams, 18 Neb. 144; Kleinecke v. Woodward, 42 Tex. 311; Myers v. Davis, 47 Iowa 325.]

Probate courts of Missouri are established by the organic law, the Constitution of the State, and their judgments and proceedings are entitled to the same credit and presumptions accorded to those of general juristiction. [Noland v. Barrett, 122 Mo. 181.]

The order of sale by the probate court in this cause is predicated upon the allegations in the petition, and while there is a requirement by the statute -that the petition be verified by affidavit, the absence of such affidavit in our opinion was a mere irregularity, and did not deprive the probate court of jurisdiction of the pro-

ceedings. If the parties interested in said land were in court by due process, the absence of the affidavit in due form was a matter that could be contested upon the presentation of the petition, but that such irregularity does not render the judgment and proceeding void and subject to an attack in a collateral proceeding, we think is too clear for discussion. There is a broad distinction between the proposition involved as presented in this case and the questions involved in the cases of Barhydt & Co. v. Alexander & Co., 59 Mo. App. 192, and Kincaid v. Griffith, 64 Mo. App. 673, cited by appellant. In those cases it will be observed that it was a proceeding under the statute to revive a judgment procured before a justice of the peace, and the affidavit required to be filed was the very basis of the proceeding, without which there could be no jurisdiction. Hence, in order to confer jurisdiction, it was essential that an affidavit in substantial compliance with the statute should be first filed.

III. This leads us to the consideration of the third proposition, which is the most vital one presented by counsel for appellant, as to the sufficiency of the process by which the parties interested in the sale of the land in controversy were brought into the probate court. It is insisted by appellant that the publication of the notice of application for sale of the real estate in the issues of the paper of January 11th, 18th, 25th and February 1st, 1889, notifying all parties in interest to appear on the second Monday of February, which was February 11th, was not a compliance with the provisions of the statute, and was insufficient to give the probate court jurisdiction of the persons interested in said estate. This publication was made under the provisions of section 148, Revised Statutes 1879, which, so for as it is applicable to this case, provides that the notice "shall be published for four weeks in some newspaper in the county in which the proceedings are had . . . before the term of court at which said order will

be made." It is argued by appellant that in order to comply with the statute above cited, it was necessary in this case that there should have been a publication in the issues of the paper of February 8, 1889. In other words, it is insisted that this statute means that the publication of the notice shall be for the four weeks immediately preceding the term of the court, and in support of this insistence we are cited to the case of Young v. Downey, 145 Mo. 250. We cannot agree to this contention by the appellant, and the case to which our attention is expressly directed furnishes no support for such contention. This statute simply requires that the other words, 28 days before the term of the court at publication of the notice shall be for four weeks, or in which the petition for the order of sale is to be presented. The mere fact that ten or eleven or twenty days should elapse between the last publication and the term of the court, by no means vitiates the publication of the notice. The statute does not provide that the publication of the notice shall be for the four weeks immediately preceding the term of court, but it simply provides that it shall be published for four weeks before the term of the court, and if the publication is made for four weeks or twenty-eight days, and if ten or twenty days elapse between the last insertion of the publication and the term of court to which the application is to be made, this is a publication of the notice in compliance with the statute herein referred to, as much as if the publication had been made for the four weeks or twenty-eight days immediately preceding the term of court to which the petition would be presented. In the case of Young v. Downey, supra, it was simply said, that the first publication was on September 18, 1876, while the October term of the probate court began on the 2nd day of that month, so that the length of time from the first publication to the first day of court was only twenty-four days, four days less than four weeks. It was there held that the requisite notice was not given

and the court was without jurisdiction to make the order of sale. With the announcement of the conclusions in that case we are entirely satisfied, but that is not this case. The publication of the notice in the proceeding now under investigation was for four weeks before the term of the court to which the publication was to be made for the sale of the real estate, and it is apparent that between the date of the first publication of the notice, on January 11, 1889, to the first day of the term of the court, which was February 11, 1889, there was a period of 31 days, and the notice of publication in this case does not fall within the class of publications denounced by this court in Young v. Downey. The publication of the notice in this case fully complied with the statute. [Russell v. Croy, 164 Mo. 69; Ratliff v. Magee, 165 Mo. 468; Young v. Downey, 145 Mo. 250; Young v. Downey, 150 Mo. l. c. 324.]

IV. This brings us to the fourth contention of appellant, in which it is insisted that the administrator's sale was inoperative to pass the title to the purchaser of this land, for the reason that the notice of said sale was not given in accordance with the statute in force at the time the sale took place. It may be conceded that only twenty-two days' notice was given of this sale, when in fact the statute required four weeks' notice prior to said sale in some newspaper printed in the county where the land was situated, if there be one. It must be observed in the discussion of this proposition, that at the May term of the probate court of Clark county, Henry C. Shaffer, administrator of the estate of William N. Brown, deceased, made his report of the sale of this real estate. In said report the administrator states that he "did on Saturday, the 25th day of May, 1889, between the hours of ten o'clock A. M. and five o'clock, P. M., of that day, at the south door of the court house in the city of Kahoka, in said county, and during the sitting of the probate court, held in and for said county, expose to sale at public auction to the high-

est bidder, upon the terms mentioned in said order, the real estate above described, having had the same first duly appraised by William McDermott, R. M. Boulware and R. J. Wood, three disinterested householders of said county, they having first been duly sworn as appears by the affidavit of said appraisers, and their certificate of appraisement herewith filed, marked Exhibit 'A', and having given four weeks notice of the estate to be sold, and of the time, terms and place of sale by advertisement published in the Gazette-Herald, a newspaper published in this State, as appears by the affidavit of E. B. Christy, the publisher thereof, herewith filed marked 'B', and at said sale aforesaid, E. H. Connable was the highest and best bidder for five hundred and fifty dollars, and the same was stricken off to him." This report of sale as made by the administrator, was by the probate court of Clark county by an order entered of record, duly approved and confirmed, and the administrator was ordered to execute, acknowledge and deliver to said E. H. Connable a deed in due form of law, conveying to said E. H. Connable all the right, title and interest which the deceased had in the same at the time of his death.

By the notice of publication heretofore considered, all of the parties interested in said estate were in court at the time of the approval of this report. The approval of the report was a final judgment from which an appeal would lie, and the record discloses that no appeal was taken. Under that state of facts we are simply confronted with this proposition: The probate court having found and adjudged that the notice of sale had been published for four weeks, and said judgment being by a court whose judgments and decrees are entitled to the same credit and presumption as courts of general jurisdiction, can it be attacked in this collateral proceeding and held void for the reason that insufficient notice of the sale of the real estate had been given by the administrator? We have reached the

conclusion that it can not, and this conclusion is based upon the rulings of this court from its very earliest history down to the present time. It was said by this court at a very early period of its organization, in McNair v. Hunt, 5 Mo. l. c. 309, in discussing the question of notice of sales, that "it appears from the cases cited that, in Spain, thirty days notice were at some remote period required, and probably still are, but for what reason the crown of Spain could require thirty days' notice to be given in this then colony, I am unable to see. But even if that were the law, I should say that the fact of the sale was merely voidable, and could not be now questioned in a collateral suit."

The order of sale in cases of this character occupies the same relation to a sale by an administrator that a judgment or decree does to an execution sale by a sheriff. [Evans v. Snyder, 64 Mo. 518.] In the case of Curd v. Lackland, 49 Mo. 453, it was expressly ruled that the insufficiency of the notice of sale by a sheriff was simply an irregularity, and where the deed was regular upon its face, such sale was not inoperative by reason of the insufficiency of the notice of sale. In the case of Jackson v. Magruder, 51 Mo. 55, it was said by this court that "the judgment of the county court, approving the report of sale, cured the defect, if any, in the advertisement. That was a final judgment from which an appeal might have been taken, and it could not be impeached in a collateral proceeding like this." In Young v. Schofield, 132 Mo. l. c. 668, while the point involved in this case was not in judgment before the court in that case, the rule announced in the cases herein referred to, that the failure to give the usual and proper notice under sheriff's sale at most amounts to but an irregularity, was fully recognized. SHERWOOD, J., speaking for this court, thus expressly recognized such ruling. He said: "But granting that the failure to notify John C. Young of the issuance of the execution to Marion county was a non-compliance with the stat-

ute, as it undoubtedly was, was it such a failure as amounted to anything more than an irregularity? We are of the opinion that it was not, and in this we do but follow frequent rulings as to the usual notice not being given of ordinary sheriff's sales. [Draper v. Bryson, 17 Mo. 71; Curd v. Lackland, 49 Mo. 451. See, also, Harness v. Cravens, 126 Mo. 260.]''

We take it that it is unnecessary to pursue this subject further. That where the judgment of the probate court is regular and recites that proper and legal notice was given for four weeks prior to the sale, such judgment can not be assailed in this collateral proceeding, and if the plaintiff was injured by reason of the conduct of the parties in procuring the order of sale and the sale being made upon insufficient notice, those were wrongs that must be remedied by a direct proceeding to set aside the judgment and sale.

The same may be said as to the complaint of appellant as to the proof of publication by Christy & Waggener, the publishers of the paper in which the publication was made. The probate court in its order of sale of this real estate expressly recites the fact to be that due publication of the process had been made, and that recital is no more open to controversy in a collateral proceeding than where it occurs in a judgment of the circuit court. The affidavit as made by Christy & Waggener was in proper form; the defect being that they, as a firm, undertook to make oath as to the matters contained in the affidavit. This '' was purely an irregularity and the recital in the order of sale and the judgment approving the sale can not be held void by reason of such irregularity. In Raley v. Guinn, 76 Mo. 271, plaintiffs resorted to ejectment to recover land in Schuyler county, under a tax deed executed by the collector of said county on the 11th day of February, 1887, at a sale which occurred on the 6th day of October, 1874. HENRY, J., speaking for the

court, proceeding to discuss the questions involved, says: ''The first point made by defendant's counsel, is that the judgment is a nullity, because the printer failed to attach to a copy of the paper his certificate, under oath, of the due publication of the delinquent list, for the time required by law. This the statute (sec. 185, p. 1197, Wag. Stat. 1872) requires, and also that he shall deliver it to the collector, who at the time judgment is prayed, is required to file it as a part of the record of the court.'' The learned judge in disposing of the point as raised, during the course of the opinion, thus expressed the views of the court upon that question: ''The county court of Schuyler county by its judgment found, and it is expressly recited therein, that the collector had given due notice, and that recital is no more open to controversy than where it occurs in a judgment of the circuit court. By the express terms of the statute, the judgment of the county court has the same force and effect as one rendered by the circuit court, and that a judgment of the latter reciting 'that defendant was duly served with process,' cannot be collaterally assailed, is too well settled to require any citation of authorities to support the proposition. Voorhees v. Bank of United States, 10 Peters 449, a leading case on the subject, has been followed in this, and in most, if not all, the States of the Union.'' We have carefully considered the cases cited by appellant as to the essential requisites to an affidavit, and an examination of the cases makes it manifest that they have no application to the case at bar. Where the affidavit furnishes the basis of the action, as in the cases heretofore referred to—the revival of judgments before justices of the peace and in attachment proceedings—it may be said that it must substantially comply with the requirements of the law, but it certainly will not be seriously contended that the affidavit to a proof of publication is of such character as makes it essential that the law shall be literally complied with in order to confer jurisdiction upon a court.

The affidavit to a publication by the publisher of it is merely to inform the court that such publication was duly made, and if a court of competent jurisdiction, when it comes to pass upon the question, expressly recites that the order of publication was properly published, that ends the contest as to the truth of that fact in a collateral proceeding.

In a very early period of the history of this court, commencing with the case of Speck v. Wohlien, 22 Mo. 310, very strict rules were announced in respect to the observance of the provisions of the statute in the administration of estates in the probate court; however, this rule which prevailed for a number of years in this State has been abandoned on the ground that the same presumption of validity must be entertained in respect to the judgment and orders of the probate court in matters of administration of estates, as are accorded to the judgments and orders of the circuit court. That we may fully appreciate the advanced position of this court upon the subject of proceedings and judgments of the probate court, a brief quotation from the case of Camden v. Plain, 91 Mo. 1. c. 129, will be justified. In speaking of the probate court of Johnson county, in that case, it was said: "Said court was a court of record having exclusive original jurisdiction within that county in all cases arising under the general laws of the State, relating to the administration of estates, and when in such a case, wherein it became necessary to determine a question of fact, that court, thus having jurisdiction of the subject-matter, also in the manner required by law, by its order of publication, acquired jurisdiction over all persons having an interest in the determination of that question of fact, renders judgment thereon, such judgment must be conclusive on all parties in interest, in collateral proceedings. The doctrine that the judgments and orders of probate courts are entitled to the same presumptions of verity as is accorded to courts of general jurisdiction, proceeding

according to the course of the common law, has been, by the recent decisions of this court, well established, and may now be said to be placed beyond question." To the same effect is Covington v. Chamblin, 156 Mo. 587. It was there announced, in no doubtful terms, that "the order approving the sale of the real estate in question was a final judgment of the probate court, impervious to collateral attack, and subject to impeachment in a direct proceeding for that purpose only, for defects apparent upon the face of the record going to the jurisdiction of the court, or for fraud."

It is finally urged as a reason why the judgment in this case should be reversed that there was unreasonable delay in the application for the sale of the real estate by the administrator. It is sufficient to say upon this proposition that we have carefully examined the disclosures of the record in this cause. It is apparent that this case was not tried in the lower court upon the theory that there was any unreasonable delay in the application for sale of the real estate, and the question is now presented for the first time. The record shows that the first administration upon the estate in controversy was by Brown, a son of the deceased; that he did not make any application to sell it; and it is further disclosed that upon complaint to the probate court his letters of administration were revoked. Upon the removal of Brown as administrator, the widow of the deceased immediately proceeded in the probate court to have the land in controversy set out to her as a homestead, which was done, and she remained in possession of the homestead up to the time of her death. We are unable to see any injury resulting to the heirs of the deceased, who were claiming this land, by reason of the delay in the application to sell it. When we consider the entire record, the delay in the institution of this suit and assertion of claim to the property in dispute, the appellant is in no position to make complaint as to any delay in the administration of her father's estate.

This case was submitted to the court without the aid of a jury, no instructions were asked or given, and finding no reversible error upon the record as presented, the judgment should be affirmed, and it is so ordered.

All concur, except *Burgess, P. J.,* not sitting.