PERKINS v. MEIGHAN et al.; NUNN, Appellant.

### Division Two, February 7, 1899.

**Fraudulent Conveyances:** TRUSTS: COTENANCY: PARTNERSHIP. Meighan knew that a tract of land would be sold at an administrator's sale, and believed that it could be purchased for much less than its actual value., He agreed with Mrs. Nunn that if she would furnish the money, the land would be bought, then sold, she would be reimbursed for the purchase money, interest and costs, and the balance would be divided equally between them. Meighan bought the land, the title was taken in his name, but Mrs. Nunn paid the entire consideration, and he conveyed an undivided half interest therein to her. Later, by another deed he conveyed to her the other undivided half. This last deed was made just the day before plaintiff had obtained judgment against Meighan, under which his interest in the land was sold at sheriff's execution, plaintiff being the purchaser. The suit was to set aside the deed to Mrs. Nunn and vest the title in plaintiff. The court decreed sale of the property, the reimbursement of Mrs. Nunn, and that the residue should be equally divided between plaintiff and her. *Held*, that Meighan had no interest in the land that could be sold; that it belonged absolutely to Mrs. Nunn and that the court's judgment decreeing its sale, etc., should be reversed.

*Appeal from Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

REVERSED.

C. W. HAMLIN for appellant.

(1) The deed was made and delivered to Mrs. Nunn by Meighan, and recorded before judgment was obtained by Perkins against Meighan. Hence, the complete legal title was vested in Mrs. Nunn; and the deed will stand unless set aside for the causes alleged in the petition. Parker v. Bank, 97 Mo.

132; Caffee v. Smith, 101 Mo. 233. (2) Fraud may be inferred; but this does not mean that it may be assumed. It can only be legitimately inferred from some tangible, responsible fact in proof. Funkhouser v. Lay, 78 Mo. 462; Ryan v. Young, 79 Mo. 30; Garesche v. McDonald, 103 Mo. 11; Robinson v. Dryden, 118 Mo. 539. (3) The statute of fraudulent conveyances only applies to the fraudulent transfer of the estate and interest of the debtor in the property, and has no application to a conveyance made solely for the purpose of transmitting to the rightful owner property held in trust. De Berry v. Wheeler, 128 Mo. 84; Darling v. Potts, 118 Mo. 506. (4) A resulting trust is created by law, where the purchase money for real estate is paid by one and the legal title is conveyed to another. Kelly v. Johnson, 28 Mo. 249; Baumgartner v. Guessfield, 38 Mo. 23; Payne v. Twyman, 68 Mo. 339; Dozier v. Matson, 94 Mo. 333; Caffee v. Smith, 101 Mo. 233; Story's Eq. Jur. [11 Ed.], sec. 1201. (5) A decree in equity must be founded upon facts consistent with and embracd within the pleadings. Newham v. Kenton, 79 Mo. 382; Ross v. Ross, 81 Mo. 87; Mason v. Black, 87 Mo. 346; Reed v. Bott, 100 Mo. 66.

GEORGE PEPPERDINE for respondent.

(1) The court may grant any relief consistent with the case made by the plaintiff and embraced within the issues. R. S. Mo., 1889, sec. 2216; Kerr v. Simmons, 82 Mo. 269. (2) The court is not confined to the prayer in granting relief, but may look to the whole petition and determine if the facts authorize any relief. Crosby v. Bank, 107 Mo. 436. (3) When the facts are sufficiently stated in the petition, the plaintiff may have such judgment as the facts stated entitle him to, although in the prayer of the petition he ask for a different relief. Miltenberger v. Morrison, 39 Mo. 71; McGlothlin v. Moore, 44 Mo. 350; Kneale v. Price, 21 Mo.

App. 295; Northcraft v. Martin, 28 Mo. 469; Easley
v. Prewitt, 37 Mo.366; Christal v. Craig, 80 Mo. 367; Baker
v. Railroad, 34 Mo. App. 98; Saline Co. v. Sappington, 64
Mo. 72. (4) A judgment when appealed from should not
be disturbed on a technical point of pleading which does not
appear to have been distinctively raised in the trial court, and
which if so raised could have been obviated by an amend-
ment. Leigh v. Ins. Co., 37 Mo. App. 542. The error com-
plained of, if error at all, is an error in the record and could
have been reached only by a motion in arrest of judgment
(which was not filed in the case at bar). Hart v. King, 24
Mo. App. 593; McCarty v. O'Bryan, 137 Mo. 584.

BURGESS, J.—This is a suit in equity to have set aside a
warranty deed from defendant Meighan to his codefendant
Mrs. Lizzie D. Nunn, dated on the fourth day of Dec. 1893,
for an undivided one-half of a tract of land in Greene county,
and to have the title thereto vested in plaintiff.

Some time prior to the fourth day of October, 1891, the
defendants entered into a verbal agreement by the terms of
which Mrs. Nunn was to furnish the money to purchase eighty
acres of land thereafter to be sold at administrator's sale in said
county, and if purchased under this arrangement it was again
to be sold, and after reimbursing her with the amount of the
purchase money, interest, taxes and cost, whatever balance
there was, if any, was to be divided equally between them.

The land was sold at an administrator's sale on the fourth
day of October, 1891, when Meighan became the purchaser
at the sum of $400, and received the administrator's deed
therefor, by which the land was conveyed to him. The pur-
chase money was furnished by Mrs. Nunn.

On Oct. 14, 1891, Meighan conveyed to Mrs. Nunn, an
undivided half interest in the land, and on the fourth day of
December, 1893, he conveyed the other undivided half inter-
est to her. It is this last deed which is sought to be set aside
upon the alleged ground that it was made without considera-

tion, and in fraud of the creditors of Meighan. No consideration passed for the deed.

On December 5, 1893, one day after Meighan had executed the last deed, plaintiff obtained judgment in the circuit court of Greene county against him upon which an execution was duly issued, levied upon, and all the interest of Meighan in the land in question sold, at which sale plaintiff became the purchaser of the land and received the sheriff's deed therefor.

The court found for the plaintiff, and that the property was originally purchased jointly by Meighan and Mrs. Nunn. That Mrs. Nunn had furnished the purchase money. That Perkins was entitled to Meighan's part, an undivided one-half interest after Mrs. Nunn had been reimbursed with $400 and interest, and decreed a sale, and out of the proceeds of such sale after the payment of costs and the payment to Mrs. Nunn of the $400 and interest thereon, the balance should be divided equally between Perkins and Mrs. Nunn.

After unsuccessful motion by Mrs. Nunn for a new trial she appeals.

The facts disclosed by the record in this case do not we think justify the judgment and decree of the trial court, and for these reasons: In the first place, according to the testimony of Mrs. Nunn, Meighan never had any interest in the land. He never paid a dollar of the purchase money; she so stated in so many words, and her statements were not in any manner contradicted. It is true that she testified, that Meighan came to her house and told her that he knew where a piece of property could be bought in if he could raise the money, that he could make some money out of it, that he asked her if she thought she could raise the money, and that she told him she thought she could. That he then said if she could raise the money, after the expenses were all paid, the interest, taxes and all that, they could sell it and divide the profits; but there is nothing in these statements or in the evidence which will justify the conclusion, that he was to own one half interest

Perkins v. Meighan.

in the land, especially in the face of the facts that she furnished all of the purchase money. The fact that he purchased the land and took a deed thereto in his own name, and recently thereafter deeded to her an undivided one-half, and shortly before the institution of this suit the other, does not overcome the positive testimony of Mrs. Nunn that he had no interest in the land. Besides she testified that she did not know why he took the deed in his own name, and there was no evidence tending to show that it was by her consent. The evidence we think clearly shows that Meighan had no interest in the land; that he was only to have one-half of the profits arising from its sale after deducting the purchase money, interest, taxes and costs; and having no interest in the land, nothing passed to plaintiff by reason of his purchase and sheriff's deed.

In the second place, even if Meighan owned an undivided half interest in the land, and plaintiff acquired it at a sheriff's sale, he would first be compelled to have the deed from Meighan to Mrs. Nunn set aside, before he could recover in ejectment, and there is no count in ejectment in the petition.

The most that plaintiff was entitled to under the petition, even if entitled to any relief at all, was to have the deed set aside because voluntary and fraudulent as against creditors. But upon no view of the case was the decree rendered warranted by the pleadings and the evidence.

The judgment is reversed. GANTT, P. J., and SHERWOOD, J., concur.