(No. 23812.—

SADIE COOK, Appellee, *vs.* JOHN BLAZIS, Appellant.

*Opinion filed February 12, 1937—Rehearing denied April 8, 1937.*

. George P. Coutrakon, for appellant.

Harlington Wood, and Edward Pree, for appellee.

Mr. Justice Farthing delivered the opinion of the court:

On January 28, 1935, Sadie Cook, appellee herein, filed her complaint in the circuit court of Sangamon county to declare and enforce a resulting trust. She alleged that she purchased a certain described lot located in the city of Springfield from Patrick and Katherine Cane for a consideration of $8700. She had the property conveyed to her daughter, Mary A. Yucus, who later married appellant, John Blazis, and will hereafter be referred to as Mary Blazis. The complaint alleged that Mrs. Cook paid the entire purchase price and denied that anyone else paid any part of it; that she made valuable improvements on and paid all taxes and assessments levied against the property and exercised all acts of ownership, management and control over it, and that Mary Blazis exercised no such right or control. The complaint alleged the death of Mary Blazis, intestate, on October 13, 1934, leaving the parties to this suit, and her brothers, Joseph and Tony Yucus, as her only heirs-at-law. The appellant, John Blazis, took out letters of administration in the probate court of Sangamon county to administer on the estate of his wife, and it is averred

that as her administrator and husband he has assumed and asserted rights of ownership in the land in question. It is alleged that appellant knew that the moneys paid for the purchase of the property were furnished by appellee and that Mary Blazis in her lifetime held title for appellee. The two brothers and their wives quit-claimed their interests in the property to appellee, their mother, before the filing of this suit but appellant refused to convey to appellee upon demand. Appellant filed answers in his individual and representative capacities, in which he denied the material allegations of the bill and claimed that the transfer to Mary Blazis was by way of gift or advancement. He also pleaded *laches* and the Statute of Frauds. The case was referred to a master in chancery, who found that the allegations of the complaint were proved. Objections and exceptions to his report were overruled, and a decree was rendered ordering appellant, individually and as administrator, within twenty days to convey to appellee, by good and sufficient deed of conveyance, his interest in and to the property here involved, and upon his failure so to do the master was directed to execute a deed. An appeal was perfected to this court because a freehold is involved.

The record shows that at the time of the conveyance there was a two-story brick building on one end of the lot. Appellee paid the full purchase price of $8700. Before the conveyance was made she consulted with her family in regard to how the title should be taken. Her husband, who was step-father to appellee's children, did not want to become involved in the affairs of the Yucus family and refused to obligate himself to borrow any money for the erection of a building on the other end of the premises. It was then agreed that Mary Blazis, who was then seventeen years old and unmarried and not engaged in any business enterprise, should take the title in her name and execute such mortgages as should be required by appellee. Mary at that time had no money or property of her own, and in her presence her brother Joseph directed the tenants to

pay rent to appellee, who had charge of the renting of the premises and contracted and paid for repairs to the building. Friends of Mary also testified that she had told them that although the title was in her name she did not own the property. Mrs. Cook constructed a laundry building on the north part of the lot at a cost of $7000. Joseph Yucus paid about $500 toward the construction of this building, and when the building was built appellee borrowed $6000, secured by a mortgage on the property. The notes and mortgage were signed by Mary, but the proof shows that she was not intended to be personally liable as between herself and appellee, who also signed the notes and later paid off the mortgage debt.

Appellant contends that the evidence fails to establish a resulting trust. Such a trust arises by operation of law from the acts of the parties and is not based upon contract. (*Tritchler* v. *Anderson,* 334 Ill. 211, 215; *Crawford* v. *Hurst,* 299 id. 503.) The law raises a resulting trust where land is bought with the money of one person and title is taken in the name of another. (*Partridge* v. *Berliner,* 325 Ill. 253; *Link* v. *Emrich,* 346 id. 238; 2 Re-statement of the Law of Trusts, p. 1244.) The evidence of such facts must be clear and unequivocal, and where the purchaser is a parent and the grantee is his child there is a presumption that the property was transferred to the child as a gift or advancement. This presumption may be rebutted by proof and is not conclusive, but whether or not a resulting trust arises in such a case is purely a question of intention. The burden of proof is upon the party seeking to establish the resulting trust, and if the evidence is doubtful or is capable of reasonable explanation upon any other theory the burden is not sustained. *Wiley* v. *Dunn,* 358 Ill. 97; *Link* v. *Emrich, supra; John* v. *John,* 322 Ill. 236; *Wies* v. *O'Horow,* 337 id. 267.

The question before us is, Does the evidence sustain the decree? The testimony is not conflicting on material

points and it need not be set forth in detail. The evidence preponderates in favor of appellee and fairly proves that she paid all of the consideration for the purchase of the lot. The testimony of Joseph Yucus that he advanced $500 did not concern the purchase of the land but the construction of the new building. The presumption that the conveyance was made to appellee's daughter as an advancement was overcome by evidence showing that it was conveyed to her for convenience, so that appellee's husband would not have to sign any papers or obligate himself on the mortgage which the Yucus family knew would have to be executed in order to erect the laundry building. The fact that Mrs. Cook paid the taxes and the mortgage debt, collected rents and made repairs, shows that her daughter did not consider the conveyance as a gift or advancement. It is of no importance whether appellant knew that his wife was holding title as trustee. The resulting trust arose, by operation of law, at the moment appellee bought the land and for convenience had the title taken in the name of Mary Blazis. The mere fact that appellant may not have known that his wife was trustee when he married her is not a fraud upon him, in absence of proof that he relied upon her record title to his detriment. The proof of a resulting trust is clear and unequivocal, and the decree of the chancellor is fully sustained by the evidence.

Appellant contends that the proof shows an express trust, and that the Statute of Frauds is a defense because the agreement to hold the property in trust was not in writing. He says that because Mary Blazis agreed to execute whatever mortgages were needed the trust was broader than the law would imply, and that it is, therefore, an express trust. He insists that a promise to convey to appellee is all that the law would imply. In *Niland* v. *Kennedy*, 316 Ill. 253, we held that the mere fact that the grantee assumed an encumbrance did not defeat a resulting trust to the extent of the deferred payment, where

it appeared that there was no intention that the grantee should or did pay any part of it. In *Skahen* v. *Irving,* 206 Ill. 597, we said that the fact that payment of a portion of the purchase money or property taken in the name of another is deferred and that the grantee assumes all obligations therefor, does not prevent the creation of a resulting trust to the extent of such deferred payments, the obligation being, in fact, discharged by the *cestui que trust.* In *Fleming* v. *McHale,* 47 Ill. 282, two boys purchased land. The grantor thought they were minors and was unwilling to take their notes and mortgage for the deferred payments. He made the deed to the mother of the boys and took her notes and mortgage with the understanding that the sons were to pay. The sons paid the mortgage debt, and we held that a trust resulted in their favor. These cases are decisive of the point now made, but appellant insists that they are inconsistent with *Partridge* v. *Berliner,* 325 Ill. 253, where a husband purchased property and took title in himself and his wife as joint tenants, with the expressed intention and understanding that the wife should have no interest in the property other than a right of survivorship in whatever remained undisposed of at her husband's death. We held that the agreement created an express trust, which could nevertheless be given effect in the absence of a plea of the Statute of Frauds. The cases are not inconsistent. In the *Berliner case* the wife was given more than the bare legal title. She was given the right of survivorship, and the husband was given all right and control of the property, with power to dispose of the fee. The trust could not be a resulting trust where the intention appeared that under certain conditions the grantee was to become the beneficial owner. In the three aforementioned cases there was no intention that the grantees should ever become the beneficial owners of the premises, and the fact that they did sign or assume mortgages, which they were

not intended to, and did not, pay, was treated as a collateral agreement, which was insufficient to defeat a resulting trust. Appellant's contention must be overruled.

The decree is affirmed. *Decree affirmed.*