MAY A. PADGETT, Appellant, v. FRANCES OSBORNE, GEORGE LEE OS-
BORNE, JAMES ROBERT OSBORNE, JOHN FRANKLIN OSBORNE, JR.,
DORSEY MAY OSBORNE, and EVA FRANCES OSBORNE, Respondents;
No. 40882—221 S. W. (2d) 210.

Division Two, May 9, 1949.

Rehearing Denied, June 13, 1949.

*James P. Boyd* and *Sam O. Hargus* for appellant.

210

*I. Frank Rope* and *David Skeer* for respondents.

BOHLING, C.—May A. Padgett, a judgment creditor, sued to set aside a deed from Fannie E. Osborne to Frances Osborne, her daughter, to property known of record as the "Van Brunt" property as being in fraud of creditors. Thereafter, Fannie E. Osborne died intestate and the suit was revived against her heirs at law, to wit, George L. Osborne, James R. Osborne, John F. Osborne, Jr., Dorsey M. Osborne, and Eva Frances (known in the record as Frances) Osborne, who entered their appearance and adopted the answer filed on behalf of Frances Osborne. Plaintiff appeals from an adverse judgment.

Frances Osborne claims to have purchased and paid for the property and to have placed it in the joint names of her parents, John F. and Fannie E. Osborne, with the understanding she was the true owner; and further that she advanced funds for their support from 1937 to the dates of their respective deaths far in excess of the value of the real estate involved.

May A. Padgett and Fannie E. Osborne were sisters. On October 11, 1944, Mrs. Padgett secured a judgment in an action instituted August 8, 1944, against Mrs. Osborne and Joe Tyler, husband of another sister, for $4,724.67, with interest and costs, on a note executed by said judgment debtors February 6, 1922. A balance in excess of $4,000 remained unpaid thereon at the time of the trial.

The John F. Osborne family maintained a residence at 437 South Quincy, Kansas City, Missouri. John F. Osborne, an employee of the Kansas City Public School system since 1909 and principal of Thatcher school at the time of his retirement, received a salary ranging between $3,000 and $3,500 annually. He was a diabetic. After he ceased active duty in February, 1939, he received retirement pay of $75 a month for the school term. Mrs. Osborne had no property.

The family was advised by their physician to move to more suitable surroundings to improve the father's health. Their son, Dorsey M., who was at home at the time, located a residence at 401 North Van Brunt boulevard, the property here involved, which he urged his parents to purchase. They did not have the necessary funds to make the purchase. The record of Mr. Osborne's bank account from March 1933, to July, 1942, established that there never was a balance of $3,500 in the account; that the largest balance was $1,013.90 on June 11, 1938; that the balance for August, 1938, ranged from $12.51 to $544. A withdrawal of $250 occurred on August 23 and a deposit

of $500 was made on September 2, 1938, establishing a balance of $507.74. It showed deposits of small amounts, less than $100, and occasionally a deposit of a few hundred dollars, $400 or $500.. There was evidence that George L. Osborne advanced moneys to his parents.

Frances Osborne, the daughter, had been working for Montgomery Ward and Company since August, 1928, and was receiving a monthly salary of $200 in 1938. The Van Brunt property could be purchased for $3,750, that is, $1,000 cash and a $2,750 note secured by a deed of trust on the real estate. It was decided that Frances should purchase the property. The family discussed several times how the papers should be made out. Due to the fact that real estate values were uncertain at the time and the possibility of further declines, or the loss of the property by foreclosure, a deficiency judgment on the $2,750 note, which conceivably could be collected of Frances, and Frances' desire to assure her parents of a home should something unforeseen occur and she predecease them, it was agreed the title should be taken in the names of John F. Osborne and Fannie E. Osborne, husband and wife. Frances Osborne paid $500 and her brother George L. advanced the additional $500 to make the $1,000 cash payment. The vendors conveyed by warranty deed, dated September 9, 1938, to "John F. Osborne and Fannie E. Osborne, husband and wife," and said grantees .executed and delivered their $2,750 purchase price note and deed of trust against said real estate securing said note. This note was paid by Frances on March 1, 1940. Dorsey M. testified that his sister Frances asked him to accompany her when she paid off the note; that she took some money from a safety deposit vault, and she also had some Government bonds and some cash in her possession; that they proceeded to the Wilson D. Wood Mortgage Company's office where Frances paid the $2,750 note and received the note and deed of trust.

The Osborne family moved to the Van Brunt address in September, 1938. The Quincy property was rented for $25 a month and, after paying the real estate agent $1.25 monthly for handling the property, the father received $23.75.

The father died January 8, 1943. His estate was appraised at $1,174.44, of which $1,000 represented the proceeds of an insurance policy on his life. Appropriate orders were entered refusing administration and transferring the estate to the mother.

Frances purchased many articles for the household (stoker, refrigerator, carpets etc.), paid for the repairs on the property, maintained the home and provided for her parents therein. She assisted with the housework. The mother was crippled and subject to fainting spells. Soon after· the father's death, they were advised the mother should not be left alone in the house and Frances hired a woman to stay at the home with her mother.

On July 28, 1944, the mother executed the deed here attacked, transferring the Van Brunt property to the daughter, reserving a life estate in herself. The recited consideration was $1.00 and other valuable considerations. The mother died February 26, 1947.

Plaintiff testified, in part, that Mrs. Osborne told her they had paid $8,000 for the Van Brunt property; and that Mr. Osborne had $3,500 in the bank, which he applied on the purchase price. Plaintiff also described the house on the Van Brunt property, and the household furniture therein.

■ The two main groups of trusts are express trusts and implied trusts. Implied trusts are subdivided into constructive and resulting trusts. Resulting trusts usually arise where an express trust fails in whole or in part; or where an express trust is fully performed without exhausting the trust estate; or where one person pays the purchase price of land and title is taken in the name of another. Defendants' position is that Frances Osborne is the cestui que trust of a purchase money resulting trust. Her parents did not have the funds with which to purchase the Van Brunt property in September, 1938. Their financial condition never improved thereafter. Plaintiff's testimony that Mrs. Osborne stated $8,000 had been paid for the Van Brunt property and Mr. Osborne took $3,500 out of his bank to make the cash payment is of slight probative value in view of the documentary and other evidence establishing his bank balance at approximately $500 and the actual consideration as $3,750. The evidence on behalf of defendants was sufficient, if believed, to sustain the finding and judgment. The presumption where a child furnishes the money and title is taken in the name of the parent is that a resulting trust arises in favor of the child unless a different intent is manifested and a presumption of a gift or an advancement does not arise from the relationship. 65 C. J. 416, § 177; 54 Am. Jur. 160, § 205, n. 14. This trust arises "by implication of law." R. S. 1939, Mo. R. S. A., § 3495. Logically, the existence of a resulting trust arising from the acts of the parties is strengthened and fortified, not weakened and destroyed, by consistent oral expressions of the parties manifesting their intentions, understandings and agreements that the grantee is seized and holds in trust for the purchaser and true owner although the agreement be void and unenforceable as an express trust because it relates to land and is not in writing. R. S. 1939, Mo. R. S. A., § 3494. Stevens v. Fitzpatrick, 218 Mo. 708, 118 S. W. 51, 55(4), a case involving somewhat similar facts; Mays v. Jackson, 346 Mo. 1224, 145 S. W. 2d 392, 394[3]; Condit v. Maxwell, 142 Mo. 266, 274(I), 44 S. W. 467, 469(1); Feis v. Rector (Mo.), 239 S. W. 515, ■ 516[1, 2]; Shelton v. Harrison, 182 Mo. App. 404, 416, 167 S. W. 634; Adams v. Adams, 348 Mo. 1041, 156 S. W. 2d 610, 614[6, 7]; Gill v. Newhouse (Mo.), 192 S. W. 431, 434[2, 3]; Blake v. Meadows, 225 Mo. 1, 123 S. W. 868, 30 L. R. A. (N. S.) 1; 65 C. J.

367, § 142; 54 Am. Jur. 153, § 195; 2 Restatement, Trusts, §§ 440, 441, j. It has been considered (6 Mo. L. R. 357) that observations to the effect that a resulting trust arises only if not based upon an agreement of the parties in Ebert v. Myers, 320 Mo. 804, 808, 9 S. W. 2d 1066, 1067[1-3], conflicts with other Missouri holdings, some of which are cited supra. If so, it should stand modified to the extent herein indicated.

The value of the Van Brunt property in 1944 is not material if Frances Osborne was the true owner and the parents merely held in trust for her, as she would be entitled to any increase in its value. It is not necessary therefore to develop the contentions pro and con whether the indebtedness of the mother to the daughter exceeded or did not exceed the value of the property at the time of the transfer.

When Fannie E. Osborne deeded the property to Frances Osborne, the purchaser, she executed the trust under which she held the legal title. In the circumstances of record the transfer was not in fraud of creditors of the mother and cannot be reached for the payment of plaintiff's judgment. Blake v. Meadows, supra; Gill v. Newhouse, supra; Perkins v. Meighan, 147 Mo. 617, 49 S. W. 498; Garner v. Second Providence Nat. Bk., 151 U. S. 420, 14 Sup. Ct. 390, 37 L. Ed. 218; J. M. Robinson Norton & Co. v. Stalcup, 58 Ind. App. 370, 106 N. E. 395; 37 C. J. S. 872, § 25; 27 C. J. 433, §§ 52, 53; 24 Am. Jur. 258, § 108. The case of Zehnder v. Stark, 248 Mo. 39, 54, 154 S. W. 92, 96, is distinguishable in that, briefly stated, in the instant case there is no showing that plaintiff extended the credit involved to the debtor in reliance upon her apparent ownership of the property, and that the true owner knew or had reason to know that the debtor was receiving credit from plaintiff because of her apparent ownership of the property.

Defendants, we understand, do not question the applicability of plaintiff's authorities, cited in the margin,[1] to appropriate instances wherein an insolvent debtor has made a voluntary transfer of his property or made a transfer of property having a value in excess of a debt owed the grantee with intent to hinder, delay, or defraud creditors. The cases of Strype v. Lewis, 352 Mo. 1004, 180 S. W. 2d 688, 691, and Ferguson v. Robinson, 258 Mo. 113, 167 S. W. 447, 452, may be distinguished in that they involved alleged constructive trusts. They do not aid plaintiff.

Interrogatories submitted to George L. Osborne were received in evidence over defendants' objection, among others, that they did

---

[1]Citizens Bk. of Hayti v. McElvain, 280 Mo. 505, 219 S. W. 75, 77[2, 3]; Snyder v. Free, 114 Mo. 360, 377, 21 S. W. 847, 851; Blattel v. Stallings, 346 Mo. 450, 142 S. W. 2d 9, 12; Munford v. Sheldon, 320 Mo. 1077, 1083(III), 9 S. W. 2d 907, 910; Lomax & Stanley Bk. v. Peacher (Mo.), 30 S. W. 2d 44, 45[5]; Russell v. Franks, 343 Mo. 159, 120 S. W. 2d 37, 42; Southern Bk. of Fulton v. Nichols, 202 Mo. 309, 322, 100 S. W. 613, 616.

not involve the deed of the mother to the daughter. They disclosed that the mother had assigned to George L. a $2,000 note given by the purchaser of the Quincy property and secured by a deed of trust on said real estate. George L. stated he had advanced moneys in excess of $3,000 to his father. It was in evidence that he advanced the father's funeral expenses, amounting to approximately $1,000. Plaintiff asks that the transfer of the note be held a voluntary conveyance and in fraud of the creditors of the mother. This is a different cause of action than that presented to the chancellor by the pleadings, which were limited to issues involving the mother's transfer of the "Van Brunt" property to the daughter. There is no attempt to show that the judgment embraced any cause of action connected with said $2,000 note. The judgment relates only to the cause of action presented in the pleadings. The objection interposed was sufficient to prevent the consideration of ▮▮▮ any issue not within the pleadings. Bush v. Miller (Mo. App.), 208 S. W. 2d 816, 820 [5, 6]. In the circumstances any cause of action relating to the mother's transfer to George L. of the $2,000 note is not the subject matter of review upon this appeal.

The judgment should be and is affirmed. *Westhues* and *Barrett*, CC., concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.