JOSEPH A. WARFORD, Respondent, v. CORNELIA SMOOT and WALTER M. SMOOT, Appellants, No. 41987—237 S. W. (2d) 184.

Division One, February 12, 1951.

Rehearing Denied, March 12, 1951.

*R. P. Smith* for appellants.

*Limbaugh & Limbaugh* for respondent.

882

[184] ASCHEMEYER, C.—This is a suit to establish a resulting trust in real estate. The decree was in favor of plaintiff (respondent) and ordered legal title vested in him subject to the lien of the deed of trust securing a note for $2000.00 and subject also to a lien in favor of defendants (appellants) for the net amount of money expended by them upon improvements on such property. Title to real estate is involved and jurisdiction is in this court. Carr v. Carroll (Mo. Sup.), 178 S. W. 2d 435; Nettleton Bank v. McGaughey's Estate, 318 Mo. 948, 2 S. W.2d 771, 774.

The substance of the petition is that in 1940 appellants negotiated the purchase of unimproved property in Cape Girardeau, Missouri, for respondent; that the property was conveyed to appellant, Cornelia Smoot, for a consideration of $600.00 which was paid by respondent; that, at the time, respondent was a nonresident of Missouri [185] but that he had decided to live in Cape Girardeau upon retirement, and had bought the lot for the purpose of building a future home; that title was taken in the name of Cornelia Smoot for his convenience; that after his retirement and in 1945, he caused a residence to be constructed upon the property; that appellants paid a portion of the cost of construction; that in 1946, by mesne conveyances, Cornelia Smoot caused title to be vested in herself and her husband, Walter M. Smoot, without respondent's knowledge; that after completion, appellants and respondent occupied the property as a home; and that appellants, without the knowledge or consent of respondent, had advertised the property for sale and threatened to appropriate the proceeds of the sale to their own use.

The answer admitted that the property had been conveyed to Cornelia Smoot on April 11, 1940; that appellants had negotiated the purchase of the property; and that respondent had furnished the purchase money therefor but it is alleged that the money was given by respondent to his daughter, Cornelia Smoot, as a birthday gift. It also admitted that title to the property had become vested in appellants, as tenants by the entirety, without the knowledge or consent of respondent. All other allegations of the petition were denied. Other allegations of the answer are not material to this appeal and need not be noted.

There were no witnesses other than the parties to this suit. Respondent's testimony supports the allegations of the petition. Respondent is 71 years old. He stated that in 1938 or 1939, when he was visiting his daughter, Cornelia Smoot, in Cape Girardeau, he told her that he was getting along toward retirement age; that when he retired, he wanted a home; and that if his daughter found a place, he would be glad to buy it so that he would have a home for the rest of his life after he retired. Later, his daughter wrote him that she had located the property involved in this suit. He wrote her that "it sounded all right, if she liked the location out there to go ahead and buy it." The property was purchased by him for $600.00 and he mailed a check for this amount to his daughter to pay for the property. He told her he wanted the deed made to her since he was a nonresident of Missouri and engaged in railroad work which was somewhat hazardous. The understanding was that when he retired, he would build a house there for a home for his old age. Sometime after the property was bought, his daughter informed him by letter that he had been offered $1200.00 for the property. He replied that he did not want to sell since he intended to carry out his plan to build a home on his retirement.

He retired in November, 1944, and came to Cape Girardeau to live with appellants in a home which they owned. In 1945 after discussion with appellants, a plan was agreed upon and he started construction of a house. He arranged for the purchase of materials and hired labor. He did a good deal of the work himself. He detailed items of material and labor paid for by him which aggregated, according to his testimony, $7123.28, exclusive of the value of the labor he put into the project. It took about one year to build the house. He admitted that appellant, Walter M. Smoot, had worked on the house and had put money into it but he was unable to state the amount.

They moved into the new house in December, 1945, and respondent continued to live there with appellants until this suit was filed in July, 1949. He learned that appellants had advertised the home for sale and brought suit to protect himself. He had paid taxes on the property until 1944. In July, 1944, he paid $130.00, the pro rata portion of expense chargeable to the property to bring in a water main to serve this and adjacent property. He mailed a check for this amount payable to his daughter.

Appellant, Cornelia Smoot, is respondent's only child. He was separated from his wife and in 1939, in connection with a property settlement made with his estranged wife, he conveyed to his daughter a house in Paducah, Kentucky, subject to a life estate in his wife. In 1937 he had loaned [186] Walter Smoot $800.00 which was never repaid. In 1938 he gave the appellants and each of their three children $200.00 or a total of $1000.00. He gave his daughter birthday and Christmas gifts and on some of these occasions mailed her his pay checks amounting to $125.00 to $135.00 each. He had given diamond

rings and wrist watches to his grandchildren and on one occasion had bought his daughter an electric refrigerator. He had not paid anything for room and board while he lived with appellants and he was not asked to do so.

Appellants admitted that respondent had furnished the purchase price of the lot but their testimony differed with that of respondent as to the circumstances. Both testified that the $600.00 was a gift to Cornelia Smoot and that respondent stated that he wanted to buy the property for Cornelia because he had never, done anything for her. Walter Smoot added that respondent also said he wanted to give the lot to Cornelia as a birthday present although, concededly, the lot was bought in April, 1940, and Cornelia's birthday was in November. Cornelia admitted that respondent paid the taxes on the property prior to 1945 but Walter thought he had paid some taxes during that period of time. Cornelia agreed that she had written her father concerning the $1200.00 offer for the lot but did not remember whether he replied. She could not remember whether her father sent a check for $130.00 to pay for an extension of a water main to the property. Walter testified that he wrote checks in payment of this item and did not know anything about respondent sending a check to Cornelia. Walter denied that respondent had loaned him $800.00 but said that it was a gift to Cornelia.

Both appellants stated that there was no discussion as to the purpose of building the house on the lot or who would occupy it when it was completed. Cornelia put the matter thus: "The property was mine, deeded to me, we didn't ask him for it. We never asked him for a dime in our lives, we never asked him for anything and if he wanted to build a house out there, it was all right with me, I didn't care. He knew it was in my name when he built the house out there."

Cornelia said that in the beginning her father purchased all the materials and contracted for the labor to build the house. When it was about half finished, he asked that she deed the property to him and she refused. Respondent then stated that he would not spend any more money on it and appellants paid for the completion. Walter Smoot said, on the other hand: "I think I made arrangements for every bit of the materials and contacted all of the labor, except maybe one or two."

Cornelia testified that appellants sold their home on Middle Street in Cape Girardeau for $4500.00 and put the entire amount in the new house. Walter stated that the net amount realized on the sale of their home was $3600.00 or $3700.00 and this amount, with additional money, was put into the new house. He testified in detail concerning his expenditures and many exhibits were offered in evidence. Actually, the chancellor found from the evidence that appellants had expended a total of $2784.95 and appellants do not challenge this finding. Walter also stated that appellants had borrowed $2000.00 se-

cured by a deed of trust on the property and had used the proceeds of this loan to buy an automobile.

Where the proof of a resulting trust rests upon parol evidence, the evidence necessary to establish such a trust must be clear, cogent and convincing and must exclude every reasonable doubt from the chancellor's mind. Suhre v. Busch, 343 Mo. 679, 123 S. W. 2d 8, 19 and cases there cited. Absent circumstances raising a presumption or inference that a gift or advancement was intended, the general rule is that where property is conveyed to one person when the purchase price is paid by another, a resulting trust arises in favor of the person who paid the consideration for the conveyance. Restatement, Trusts, Sec. 440; 54 Am. Jur., Sec. 209, p. 158; Padgett v. Osborne, 359 Mo. 209, 221 S. W. 2d 210, 212. Where, however, as in this case, a father has paid [187] for property which is conveyed to his daughter, this circumstance alone is sufficient to raise an inference or presumption that a gift was intended and the burden is upon the father "to prove that he did not intend to make a gift to the transferee." Restatement, Trusts, Sec. 442; 54 Am. Jur., Sec. 205, p. 160. Such presumption is rebuttable but "such rebuttal must be accomplished * * * by evidence which is strong, unequivocal, and convincing." Hunnell v. Zinn (Mo. Sup.), 184 S. W. 1154, 1156; Derry v. Fielder, 216 Mo. 176, 115 S. W. 412.

It is conceded that respondent paid the purchase price when the lot was acquired in 1940. If the evidence of respondent is sufficient to overcome or rebut the presumption that the conveyance to his daughter was intended as a gift or advancement, a resulting trust in his favor arose at the time legal title became vested in his daughter. 54 Am. Jur., Sec. 205, p. 160; Restatement, Trusts, Sec. 443. The question presented is essentially the intent of respondent at the time he caused the conveyance of legal title to be made to his daughter. On this issue we must consider not only the testimony of the parties concerning the circumstances attending the transfer of title but also the conduct of the parties subsequent to the transfer which is relevant to a determination of respondent's intent. "Thus, the fact that the payor manages the property, collects rents, pays taxes and insurance, pays for repairs and improvements, or otherwise asserts ownership, and the acquiescence by the transferee in such assertion of ownership, is evidence to rebut the inference of an intention by the payor to make a gift to the transferee." Restatement, Trusts, Sec. 443, p. 1358.

Thus, it is significant that respondent paid taxes on the real estate through 1944. This is conceded by his daughter and is partially conceded by appellant, Walter M. Smoot. It is significant also that respondent proceeded with the building of a house and invested a substantial amount of money in this improvement. His payment of a proportionate part of the expense of extending a water main to the property was not directly refuted by either appellant. These were

"positive acts of ownership" tending to corroborate respondent's testimony that he did not intend a gift to his daughter; that title was placed in her for his convenience; and that he had bought the property as the site for a home to be used by him when he retired. Carr v. Carroll (Mo. Sup.), 178 S. W. 2d 435, 437; Cook v. Blazis, 365 Ill. 625, 7 N. E. 2d 291, 293. The admission of Cornelia Smoot that she wrote to her father concerning an offer to sell the lot, even though she disclaimed any recollection of his reply, is a circumstance corroborative of respondent's interest in the property and inconsistent with appellants' assertion that he has no interest therein.

Appellants do not rely solely on a presumption that the conveyance was a gift from respondent to his daughter. They testified that respondent expressly stated that he wanted to give Cornelia the property because "he had never done anything for her." Respondent's testimony regarding prior gifts made by him to his daughter and members of her family was not denied. Indeed, Walter Smoot stated that the $800.00 which respondent said he had loaned to him was a gift to Cornelia. In view of the uncontradicted evidence that respondent had previously made substantial and generous gifts to Cornelia and to her husband and children, it is reasonable to assume that the chancellor concluded that the testimony of appellants concerning respondent's statement of an intention to make a gift of the property to Cornelia was incredible and not sufficient to refute respondent's testimony that he had no intention of making a gift but bought the property for his own use.

Appellants rely chiefly upon Hunnell v. Zinn, supra, and Derry v. Fielder, supra. We do not consider these cases to be decisive of the instant case. In Hunnell v. Zinn, supra, defendant's father had paid a part of the purchase price of land which was conveyed to defendant. The trial court held that a resulting trust in favor [188] of the father and, through derivation, in favor of other children of the deceased father, had not been established. The evidence showed declarations of the father's intention to make a gift and, in addition, the father gave his son a receipt reciting that the son owed him nothing. The only evidence offered to rebut this direct evidence of intention to make a gift, and the presumption of a gift arising from the circumstances, was testimony tending to show that the son had consulted his father about some improvements and had made statements indicating that the father was paid a part of the rental income. We held that this evidence was insufficient to overcome the presumption of gift and, in fact, that the preponderance of the evidence supported the trial court's decree.

In Derry v. Fielder, supra, we reversed the trial court. The basis of our decision was that the evidence of plaintiff tending to rebut the presumption of a gift to his daughter and granddaughters disclosed that the conveyance to them "was founded upon inequitable grounds,

i. e., a preconceived purpose to cast off the wife's inchoate right of dower." There is no evidence in the instant case indicating that respondent caused the conveyance to be made to his daughter because he had the purpose to defeat his wife's right of inchoate dower. Indeed, the purpose of this suit to get legal title in respondent is beneficial to his wife since the wife's right of dower will attach. Carr v. Carroll, supra, (l. c. 437).

It is our duty, of course, to weigh all of the evidence in the record and to decide the case de novo. The determination of respondent's intent and purpose in causing title to the lot to be vested in the daughter rests wholly upon the credibility of the witnesses. In Suhre v. Busch, supra, (l. c. 19) we said:

"* * * where a determinative issue of fact rests, as in this instance, wholly upon the credibility of witnesses, this court is constrained to defer to the findings of the chancellor 'who has many opportunities, necessarily denied to the appellate court of seeing and hearing the witnesses themselves, observing their demeanor while testifying, and of determining the weight which properly attaches to their testimony.' Finley v. Williams, 325 Mo. 688, 29 S. W. 2d 103, 106; Norton v. Norton, supra; Creamer v. Bivert, 214 Mo. 473, 113 S. W. 1118; Shaw v. Butler, Mo. Sup., 78 S. W. 2d 420; Stubblefield v. Husband, 341 Mo. 38, 106 S. W. 2d 419."

The chancellor obviously believed respondent's version of his purpose and intent in causing the conveyance to be made to his daughter and disbelieved appellants' testimony on this issue. It was the chancellor's right and duty to determine the credibility of the parties. Thieman v. Thieman (Mo. Sup.), 218 S. W. 2d 580, 584. As we have previously indicated, we think that the chancellor had ample justification for concluding that appellants' testimony concerning the circumstances of the conveyance was incredible and not worthy of belief.

The chancellor, by his decree, found that the conveyance "did not constitute a gift from plaintiff to defendant Cornelia Smoot." This finding is supported by evidence which is clear, cogent and convincing. Upon this evidence and in deference to the findings of the chancellor, the decree should be and it is hereby affirmed. *Van Osdol* and *Lozier*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by ASCHEMEYER, C., is adopted as the opinion of the court. All the judges concur.