Charles FENTON, Plaintiff-Respondent,

v.

Ruby WALTER, Carol Neagles and Donna Crews, Defendants-Appellants.

No. 11134.

Missouri Court of Appeals,
Southern District,
Division Three.

Jan. 12, 1981.

Motion for Rehearing and to Transfer
Denied Jan. 30, 1981.

Gene Gulinson, Curtis W. Carle, Salem, for defendants-appellants.

David L. Steelman, Salem, for plaintiff-respondent.

MAUS, Chief Judge.

By count I of his petition, the respondent sought a decree declaring that the successors in interest of Myrtle Riley held record title to a described tract of real property in Dent County under a resulting trust for his benefit. The basic allegations of this count were that the respondent purchased the tract, paid the entire purchase price, although record title was placed in the name of Myrtle Riley who "intended to become, by virtue of such payment by plaintiff, trustee for the plaintiff to the entire interest therein." Respondent further alleged that thereafter the tract was improved and the respondent paid all costs thereof. The appellants, who are the children of Myrtle Riley who died without a will on June 17, 1971, appeal from the judgment of the circuit court granting the relief sought by count I.

A brief summary of the salient evidence is as follows. The respondent and Myrtle Riley met about 1934 or 1935. However, the respondent married Gladys Plank by whom he had two children. They were divorced in September, 1961, and Gladys was awarded custody of the children and child support. Myrtle married S. M. Riley by whom she had three children, the appellants. Myrtle separated from S. M. Riley in 1961. In 1962 or 1963 the respondent and Myrtle started living together in his residence in St. Louis. In 1963 the respondent agreed to buy the ½ acre tract in question from Raymond Stewart and Pauline Stewart, his wife. Pauline Stewart was Myrtle's sister. The price was $1,200.00, to be paid as the respondent could do so. At the time of this agreement the tract was improved with what was called a "hull of a house". Thereafter, the respondent made extensive improvements to this hull to make it habitable. Apparently the purchase price had been paid by July 17, 1965, for on that date the Stewarts executed their warranty deed in form conveying the tract to Myrtle Riley. Some time before the deed was executed the improvements had been completed to such an extent that the respondent and Myrtle Riley moved into the house. The respondent, however, continued his employment based in St. Louis, generally returning to the house on the weekends. With the exception of one brief period when both the respondent and Myrtle Riley lived in St. Louis, the respondent and Myrtle Riley so resided on the tract until her death.

Without objection, the respondent testified that he paid the entire purchase price and constructed and installed virtually all of the improvements to the house and paid the entire cost of such improvements. He also, without objection, testified that title

to the tract was placed in the name of Myrtle Riley, at her request, because "she was afraid I'd get behind in the child support and the property would be tied up and taken."

The appellants placed in evidence an execution for child support in the amount of $1,000.00 issued in favor of his former wife. The execution was dated June 28, 1965, and was returnable July 28, 1965. The respondent testified he paid the arrearage for which the execution was issued. His former wife, who was called by the appellants, recalled that the respondent did get behind in his child support. She did not refute his testimony that he paid all arrearages.

■ A principle of long standing is applicable to this case. "One of the general types of resulting trusts recognized and enforced in equity is where the legal title to real estate is transferred to one person but the purchase price is paid by another." *Long v. Kyte*, 340 S.W.2d 623, 628 (Mo. 1960). Or, stated in another way, "Missouri follows the general rule that where one pays the purchase price for land with legal title taken in another, a presumption arises that the latter holds the property under a resulting trust for the payor." *Hergenreter v. Sommers*, 535 S.W.2d 513, 518–519 (Mo. App. 1976).

The appellants do not dispute the validity of this principle of law. Nor do they seek to avoid its application under any exception to or presumption contrary to the general rule. For a thorough and excellent discussion of resulting trusts see Nelson, Purchase Money Resulting Trusts in Land in Missouri, 33 Mo.L.Rev. 552 (1968). Also see Annot., Illicit Relations—Property Rights, 31 A.L.R.2d 1255 (1953); *Pizzo v. Pizzo*, 365 Mo. 1224, 295 S.W.2d 377 (banc 1956) and *Walberg v. Mattson*, 38 Wash.2d 808, 232 P.2d 827 (1951).

■ Appellants' first point is that the trial court erred because its finding of fact that the tract was placed in the name of Myrtle Riley at the request of Myrtle Riley was based solely on the self-serving testimony of respondent which did not meet the burden of proof necessary to establish a resulting trust. In making this assertion, the appellants emphasize the evidence must be clear, cogent and convincing. *Long v. Kyte*, supra. To establish that the evidence does not meet this standard, the appellants insist that the respondent's testimony cannot have those qualities. It is true the only evidence on who paid the purchase price and for the improvements and why the property was placed in the name of Myrtle Riley was the testimony of the respondent. However, this evidence was not another party's recitation of the respondent's out-of-court, self-serving, hearsay declaration. The respondent's in-court testimony was substantive evidence. *Young v. Jefferson Hotel Corp.*, 541 S.W.2d 32 (Mo.App. 1976); *Bernhardt v. Boeuf & Berger Mutual Insurance Co.*, 319 S.W.2d 672 (Mo.App. 1959). The testimony of a party may be accepted, although it is not required to be accepted, as the basis for the declaration of a resulting trust. Compare *Hampton v. Niehaus*, 329 S.W.2d 794 (Mo. 1959); *Warford v. Smoot*, 361 Mo. 879, 237 S.W.2d 184 (1951).

The respondent's testimony was only remotely and inferentially disputed by the testimony of two of the appellants that their mother had some money although they did not know how much. The respondent's testimony could not be considered as controverted by two of the appellants' recitations, over objection, of their mother's hearsay, out-of-court, self-serving declarations that she bought the property. The appellants also emphasize the respondent's admission under Civil Rule 59.01 that title to the tract was placed in the name of Myrtle Riley because his ex-wife could tie up the property and take it if he got behind with child support if it was in his name. However, even considering this admission, which was not offered in evidence, need not be found to contradict or impeach the testimony of the respondent.

The trial court determined the respondent was a credible witness and that his testimony established, by the required standard, the elements essential to the resulting trust declared. For reasons often stated, this court must give due regard to "the opportunity of the trial court to have judged the credibility of witnesses." Civil

Rule 73.01.3(b). This court is not of a "firm belief that the decree or judgment is wrong" and the point is denied. *Murphy v. Carron* 536 S.W.2d 30, 32 (Mo. banc 1976).

■ The appellants' second point is that the respondent should not have prevailed because he did not come into court with clean hands in that he placed the trust in the name of Myrtle Riley to defraud his creditors. The application of the clean-hand's doctrine to the establishment of resulting trusts is thoroughly and ably discussed in 33 Mo.L.Rev. 552, supra. The trial court did not err in not applying that doctrine to this case.

The party seeking to invoke application of the doctrine (here it is Grace) must show that he himself was wronged and injured by the conduct of which he complains.... In this case, Grace was in no way injured by J. C.'s alleged wrongdoing. Indeed, she was, if anything, a party to it and the benefactor thereof. She cannot avail herself of the doctrine. *Fulton v. Fulton*, 528 S.W.2d 146, 153 (Mo. App. 1975).

Also see *Hunt v. Easley*, 495 S.W.2d 703 (Mo.App. 1973); *Price v. Ridler*, 373 S.W.2d 59 (Mo. 1963). The appellants' second point is denied and the judgment is affirmed.

BILLINGS, P. J., and PREWITT, J., concur.